**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP Address 68.249.236.94, an Individual,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-3160-D |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Before a Rule 26(f) Conference [Doc. No. 8].

Plaintiff alleges in this action that Defendant—currently identified only by his or her IP address—is illegally distributing Plaintiff's adult films. In the present motion, Plaintiff requests that the Court permit Plaintiff to serve limited discovery on Defendant's Internet Service Provider (ISP), AT&T Internet, so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. [Doc. No. 8, at 3]. The requested subpoena will seek only the true name and address of Defendant for purposes of pursuing this action. *Id.* at 4.

Upon consideration, Plaintiff has shown good cause for the limited early discovery it seeks. Although the general rule is that a party cannot commence discovery until the Rule 26(f) conference has occurred, the Court may order otherwise. *See* FED. R. CIV. P. 26(d)(1). "The decision of whether to allow early discovery is within the broad discretion of the Court upon the movant's showing of good cause." *Knight v. Okla. ex rel. Okla. Dep't of*

*Pub. Safety*, No. 22-cv-00069-TCK-SH, 2022 WL 1091591, at *2 (N.D. Okla. Apr. 12, 2022). And "[s]everal courts have found good cause where a party is attempting to learn the name of a Doe defendant." *Id.* at *3 (collecting cases); *see also Alo, LLC v. Alo Yoga LLC*, No. 25-CV-03243-CYC, 2025 WL 4354392, at *1 (D. Colo. Dec. 9, 2025) ("A plaintiff's inability to identify a defendant [is] one of the few instances that may warrant early discovery.") (internal quotations and citation omitted). Here, because Plaintiff seeks limited discovery to identify Defendant's name and address, the Court finds good cause to permit early discovery.

**IT IS THEREFORE ORDERED**:

1. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach a copy of this Order to the subpoena.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to Defendant.

3. If the provider qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), the provider shall send a copy of this Order to Defendant, in compliance with 47 U.S.C. § 551(c)(2)(B).[1]

---

[1] The term "cable operator" means any person or group of persons "who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system" or "who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Pursuant to 47 U.S.C.

4. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

§ 551(c)(2)(B), a cable operator may disclose personally identifiable information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).